# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2025 WY 60

*April Term, A.D. 2025*

**May 29, 2025**

| | |
|---|---|
| **BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,**<br><br>Petitioner,<br><br>v.<br><br>**VAUGHN H. NEUBAUER, WSB #6-3443,**<br><br>Respondent. | D-25-0003 |

## ORDER OF 30-DAY SUSPENSION STAYED UPON SUCCESSFUL COMPLETION OF SIX MONTHS' PROBATION

[¶1]    **This matter** came before the Court upon a Report and Recommendation for 30-Day Suspension Stayed Upon Successful Completion of 6 Months' Probation, filed herein April 21, 2025, by the Board of Professional Responsibility for the Wyoming State Bar. The Report and Recommendation was filed pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure, which governs stipulated discipline. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Vaughn H. Neubauer should be suspended from the practice of law for 30 days, with that suspension stayed in favor of six months of probation. It is, therefore,

[¶2]    **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for 30-Day Suspension Stayed Upon Successful Completion of 6 Months' Probation, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]    **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for 30-Day Suspension Stayed Upon Successful Completion

of 6 Months' Probation, Vaughn H. Neubauer shall be suspended from the practice of law for 30 days, with that suspension stayed in favor of six months of probation with the period of probation to begin June 2, 2025; and it is further;

[¶4] **ADJUDGED AND ORDERED** that, during the period of probation, Respondent shall comply with the terms of probation listed in the Report and Recommendation; and it is further

[¶5] **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Neubauer shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00. Mr. Neubauer shall pay the total amount of $800.00 to the Wyoming State Bar on or before June 9, 2025. If Mr. Neubauer fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶6] **ORDERED** that the Wyoming State Bar may issue the agreed press release contained in the Report and Recommendation for 30-Day Suspension Stayed Upon Successful Completion of 6 Months' Probation; and it is further

[¶7] **ORDERED** that the Clerk of this Court shall docket this Order of 30-Day Suspension Stayed Upon Successful Completion of Six Months' Probation, along with the incorporated Report and Recommendation for 30-Day Suspension Stayed Upon Successful Completion of 6 Months' Probation, as a matter coming regularly before this Court as a public record; and it is further

[¶8] **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of 30-Day Suspension Stayed Upon Successful Completion of Six Months' Probation, along with the incorporated Report and Recommendation for 30-Day Suspension Stayed Upon Successful Completion of 6 Months' Probation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶9] **ORDERED** that the Clerk of this Court cause a copy of this Order of 30-Day Suspension Stayed Upon Successful Completion of Six Months' Probation to be served upon Respondent Vaughn H. Neubauer.

[¶10] **DATED** this 29th day of May, 2025.

BY THE COURT:

/s/

**LYNNE BOOMGAARDEN**
**Chief Justice**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

APR 2 1 2025

SHAWNA GOETZ, CLERK

by DEPUTY

**BEFORE THE SUPREME COURT**

**STATE OF WYOMING**

*In the matter of*           )
*Vaughn H. Neubauer*     )
*WSB # 6-3443,*          )      *WSB No. 2024-068*
                             )      *WSB No. 2024-114*
    *Respondent.*         )     **D - 25 - 0 0 0 3**

## REPORT AND RECOMMENDATION FOR 30-DAY SUSPENSION STAYED UPON SUCCESSFUL COMPLETION OF 6 MONTHS' PROBATION

THIS MATTER came before a Review Panel of the Board of Professional Responsibility via videoconference on the 14ʰ day of April 2025, for consideration of the parties' Stipulation for 30-Day Suspension with 6 Months' Probation pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure. Present on the conference were Review Panel members Bradley Cave (Chair), Joelle Hadley-Day, and Brett McPeak. Melinda S. McCorkle, Deputy Bar Counsel, appeared on behalf of the Wyoming State Bar. A. Joe Hageman appeared on behalf of Respondent Vaughn H. Neubauer. Pursuant to Rule 12(c)(3) of the Wyoming Rules of Disciplinary Procedure, Complainants were notified of the videoconference. Complainants Jack Crawford and Melissa Schmelzle attended the hearing via videoconference. Mr. Crawford also submitted a written statement regarding the form of discipline, which was filed on April 8, 2025. The Review Panel having reviewed the Stipulation, the supporting Affidavit and being fully advised in the premises, finds, concludes and recommends as follows:

### Findings of Fact

1.     Vaughn Neubauer, Respondent, has been licensed to practice law in Wyoming since 2001. Respondent is a private practitioner in Laramie, Wyoming.

2. On May 30, 2024, Respondent's former client, Jack Crawford, filed BPR Complaint No. 2024-068.

3. On October 15, 2024, Melissa Schmelzle, the mother of Respondent's former client, filed BPR Complaint No. 2024-114.

4. BPR Complaint No. 2024-068 and BPR Complaint No. 2024-114 have been consolidated due to the similar nature of the conduct at issue.

**Crawford Complaint - WSB No. 2024-068**

5. In 2022, Mr. Crawford hired Respondent to assist him with an appeal from an adverse decision in the Second Judicial District of Wyoming, Albany County. The representation agreement specified that the agreement "shall cover a motion to stay relief pending appeal, a notice of appeal, and representation on appeal of said matter (anything that occurs at the appellate level)." Mr. Crawford paid Respondent a flat fee of $18,000.00. Mr. Crawford also incurred out-of-pocket costs of $3113.50 for obtaining the transcript from the District Court.

6. On November 4, 2022, Respondent filed a "Motion to Stay Proceedings to Enforce a Judgment". That same day, Respondent filed a Notice of Appeal with the Albany County District Court. The appeal was docketed on February 24, 2023, making April 10, 2023, the deadline for filing the Brief of Appellant.

7. On April 10, 2023, Respondent filed a "Motion for Extension of Time to File Appellant's Brief" in which he took full responsibility for missing the deadline:

> 1. Appellate counsel has suffered a cataclysmic calendar error. Thinking that this brief was due next week, counsel was shocked when a tickler came across his phone at 10:00 pm the night the brief was due. Counsel submits this error rests entirely on his shoulders. Everything else (including counsel's own calendar) was right. Counsel's mind got distracted due to a first degree sex assault jury trial last week, and got it into his hear that this brief was due next Monday. Thus, counsel is unable to file a brief by midnight tonight.

> 2. Appellate counsel requests only a one week extension, and offers his most contrite and sincere apologies to the Court and all others.
>
> 3. One week will not substantially delay this litigation or burden the parties.

8. On April 11, 2023, the Wyoming Supreme Court denied the request for an extension of time and issued its "Order Dismissing Appeal for Want of Prosecution".

9. On April 21, 2023, Respondent filed his "Petition for Reinstatement" which reiterated the content of his Motion for Extension of Time but included additional information for the Court's consideration:

> 2. Counsel for Appellant has appeared before this Court a limited number of times in the past 23 years, perhaps a half-dozen times. Although no excuse or any good basis to rely upon, counsel understood that this Court regularly grants a single extension as a matter of practice. Counsel would plead to this Court to apply a similar type of lenity and grant this petition. The opposing party would suffer no prejudice. They already enjoy possession of the subject property and they have ejected Appellant through a separate forcible entry and detainer action. Granting this motion would delay the timeframe for this appeal, but otherwise no party would suffer.
>
> 3. Appellant [] asks this Court to grant this petition and permit his case to face the scrutiny of appellate review. He occupied the subject property for several years and being ejected from the property has placed severe hardships upon his business.
>
> 4. Counsel asserts that a miscarriage of justice would result from the denial of this petition. Counsel admits that the miscarriage would rest on his shoulders, but nonetheless [Appellant] deserves to have his case reviewed by a higher court.

10. On May 9, 2023, the Court denied the Petition for Reinstatement.

11. On May 30, 2024, Mr. Crawford filed a Complaint Before the Board of Professional Responsibility (Complaint No. 2024-068).

12. On October 7, 2024, Respondent refunded $14,000.00 of Mr. Crawford's fee. On October 26, 2024, Respondent refunded the remaining portion of Mr. Crawford's fee, his out-of-pocket costs of $3113.50, and an additional sum of money.

3

13. On May 25, 2023, Respondent agreed to represent Joseph Nielsen in his Petition for Post Conviction Relief ("Petition") for a fee of $10,000.00. Mr. Nielsen's mother, Melissa Schmelzle, agreed to pay $7000.00 of Respondent's fee. Mr. Nielsen's father agreed to bear responsibility of $3000.00 but did not pay any portion of the fee.

14. The Petition was due on December 1, 2023. Although e-filing was not yet available, Respondent obtained permission from the Clerk of District Court for Campbell County ("Clerk") to file the Petition via email.

15. On December 1, 2023, at 4:36 p.m., Respondent's legal assistant ("Assistant") emailed the Petition to the Clerk. Assistant emailed the Petition to an invalid email address by inverting two letters in the email address. She immediately, at 4:36 p.m., received a bounce-back email noting the delivery failure because the email address was invalid. Nonetheless, Assistant was unaware that the Petition was not received until the following Monday.

16. After emailing the Petition to the Clerk, Assistant left the office to mail the Petition. The Clerk did not receive the Petition; regardless, the mailed document would not have been received by the deadline, which was mailed less than a half hour before the close of business.[1] Accordingly, the deadline passed and could not be remedied.

17. Respondent voluntarily offered a refund of $3500.00 to Ms. Schmelzle. Respondent has since refunded the entire $7000.00 paid by Ms. Schmelzle.

18. On October 15, 2024, Ms. Schmelzle filed Complaint No. 2024-114.

---

[1] Assistant simultaneously mailed the Petition to the Wyoming Attorney General's Office, which was received on December 5, 2023.

19. Pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure, Respondent has conditionally admitted his conduct in Complaint No. 2024-068 as set forth above violated Rule 1.3 (diligence) of the Wyoming Rules of Professional Conduct by failing to file Mr. Crawford's Brief of Appellant by the deadline for filing. Respondent conditionally admits that his conduct in Complaint No. 2024-114 as set forth above violated Wyo.R.Prof.Cond. 1.3 by failing to file Mr. Nielsen's Petition by the deadline for filing.

20. The rule violations to which Respondent has conditionally admitted are supported by clear and convincing evidence in the record before the Review Panel.

21. The parties agree, and the Review Panel so finds, that Respondent acted with negligence when failing to file Mr. Crawford's Brief of Appellant and Mr. Nielsen's Petition by the deadlines for filing.

22. The parties agree, and the Review Panel so finds, that Respondent's professional misconduct resulted in serious injury to Respondent's clients, Mr. Crawford and Mr. Nielsen.

23. Aggravating factors include substantial experience in the practice of law and multiple offenses.

24. Mitigating factors include the absence of a dishonest or selfish motive, timely good faith effort to make restitution or to rectify consequences of misconduct, full and free disclosure to disciplinary board, cooperative attitude toward proceedings, and remorse.

25. In consideration of Respondent's misconduct, the Review Panel finds that the appropriate sanction is a 30-day suspension to be stayed in favor of six-months' probation, conditioned upon Respondent's compliance with the following terms of probation pursuant to Rule 9(c) of the Wyoming Rules of Disciplinary Procedure:

- Respondent will submit monthly, written reports to the Office of Bar Counsel ("OBC") regarding Respondent's compliance with the terms of his probation. The

5

monthly reports shall commence 30 days after the entry of an Order by the Wyoming Supreme Court and shall continue until the probationary term of six months is complete.

- Within ten days of the entry of an Order by the Wyoming Supreme Court, Respondent will review the self-audit checklist available on the Bar website (https://www.wyomingbar.org/for-lawyers/lawyer-resources/law-office-self-audit-checklist/) and take the ALPS Virtual Ethics Risk Assessment Quiz and review the practice tools available at https://www.alpsinsurance.com/resources/risk-management. Respondent will provide the completed self-audit checklist to the OBC for review and feedback. The Panel notes that Respondent has already commenced review of the self-audit checklist.

- Within 30 days of the entry of an Order by the Wyoming Supreme Court, Respondent will review his electronic and paper files to determine whether improved organization is needed. Respondent will separate closed matters from open matters. The Panel notes that Respondent and Assistant reviewed many files after the Complaints were filed but will do so again as part of probation.

- Within thirty days of the entry of an Order by the Wyoming Supreme Court, Respondent will implement a calendaring strategy that provides multiple reminders in advance of deadlines. Upon agreeing to representation, Respondent and his office staff will identify deadlines and determine the length of time to set reminders in advance of the deadlines. The deadlines will be on, at a minimum, Respondent's and one office staff member's calendar. The Panel notes that Respondent has already reviewed deadlines and adjusted reminders to ensure greater notice of deadlines.

- Within sixty days of the entry of an Order by the Wyoming Supreme Court, Respondent will develop and adopt detailed law office policies and procedures for calendaring/docketing as stated above, periodic reviews of active cases, mail processing, client relationship, termination of representation and staff management. Said policies and procedures will be reviewed and approved by the OBC and reflect Respondent's vigilant commitment to best practices as set forth in the Wyoming State Bar's Law Office Self-Audit Checklist.

- Respondent shall attend a minimum of three Continuing Legal Education Credits ("CLE") related to law office management or time management. Additionally, Respondent shall attend a minimum of three CLE credits related to law office management, or time-management, or well-being. Respondent will provide proof of CLE to the OBC.

- Respondent will address with office staff the importance of accuracy in all matters, including communications with third parties via email or mail.

- During the period of probation, which shall be a six-month probation, Respondent shall commit no further violations of the Wyoming Rules of Professional Conduct.

6

26. Respondent has acknowledged that if, during the period of Respondent's probation, the OBC receives information that any condition may have been violated, the OBC may file a motion with the BPR specifying the alleged violation and seeking an order requiring the attorney to show cause why the stay should not be lifted and the sanction activated for violation of the condition. *See* Wyo.R.Disc.Proc. 9(c)(5).

27. If the Court issues an Order of 30-day suspension, stayed upon successful completion of six-months' probation, Deputy Bar Counsel and Respondent agree to the following press release:

> The Wyoming Supreme Court issued an order suspending Laramie attorney Vaughn H. Neubauer from the practice of law for a period of thirty days. The Court further ordered that the suspension be stayed so long as Neubauer complies with probationary terms for a period of six months intended to assure the efficient operation of his office and prompt compliance with court rules and deadlines. The order of suspension stemmed from Neubauer's lack of diligence in representing two clients (Rule 1.3). Neubauer failed to timely file a brief with the Wyoming Supreme Court appealing a decision of the District Court, resulting in dismissal of the appeal. Upon learning of the looming deadline, Neubauer requested an extension of time and reinstatement of the appeal in which Neubauer took responsibility for the failure to timely file the brief. Both requests were denied. In a separate matter, Mr. Neubauer failed to file a Petition for Post-Conviction Relief. Following commencement of disciplinary investigations by the Office of Bar Counsel, Neubauer admitted that the failure to file the documents violated Rule 1.3 (diligence) and caused injury to his clients. Neubauer agreed to reimburse the fees paid and out-of-pocket expenses incurred by the clients. Neubauer agreed to the suspension and probationary terms which included the implementation of formal office policies and procedures and monthly reports to the Office of Bar Counsel regarding Neubauer's compliance with probationary terms. Neubauer was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

## Conclusions of Law

28. Rule 1.3, W.R.Prof.Cond. (Diligence), states, "A lawyer shall act with reasonable diligence and promptness in representing a client."

7

29. Rule 15(b)(3)(D), W.R.D.P., provides, "In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:"

30. <u>First Factor: The Duty Violated.</u> Violations of Rule 1.3 fall under Standard 4.4, "Lack of Diligence," of the ABA Standards. Standard 4.4 sets forth the following guidelines:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to provide competent representation to a client:

4.41 Disbarment is generally appropriate when:
(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
(b) a lawyer knowingly fails to perform services for a client and causes injury or potentially serious injury to a client;
(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

4.42 Suspension is generally appropriate when:
(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

4.43 [Public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

4.44 [Private reprimand] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

31. <u>Second Factor: The Lawyer's Mental State.</u> The Preface to the ABA Standards includes the following discussion regarding mental state:

The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental

8

state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

32. Third Factor: Actual or Potential Injury. Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

33. Fourth Factor: Aggravating and Mitigating Factors. ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1 *Generally*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2 *Aggravation*

9.21 *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

9.22 *Factors which may be considered in aggravation.* Aggravating factors include:

(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;

9

(i) substantial experience in the practice of law;

(j) indifference in making restitution; and

(k) illegal conduct, including that involving the use of controlled substances.

### 9.3 *Mitigation*

9.31 *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

9.32 *Factors which may be considered in mitigation.* Mitigating factors include:

(a) absence of a prior disciplinary record;

(b) absence of a dishonest or selfish motive;

(c) personal or emotional problems;

(d) timely good faith effort to make restitution or to rectify consequences of misconduct;

(e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings;

(f) inexperience in the practice of law;

(g) character or reputation;

(h) physical disability;

(i) mental disability or chemical dependency including alcoholism or drug abuse when:

> (1) there is medical evidence that the person is affected by a chemical dependency or mental disability;
>
> (2) the chemical dependency or mental disability caused the misconduct;
>
> (3) the recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
>
> (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

### Recommendation

In consideration of the foregoing Findings of Fact and Conclusions of Law, the Review Panel recommends as follows:

10

1. That Respondent receive a 30-day suspension stayed upon successful completion of 6 months' probation, the terms of which are outlined above.

2. That, upon issuance of the order of the 30-day suspension stayed upon successful completion of 6 months' probation, the foregoing press release may be issued.

3. That Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of such order.

Dated this 18th day of _April_, 2025.

Bradley Cave, Chair
Review Panel of the Board of Professional
Responsibility
Wyoming State Bar

11